IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA DE LOS SANTOS, §<br>TDCJ No. 01310666, §<br>        §<br>    *Petitioner,* §<br>        §<br>v.      §     SA-21-CV-0416-XR<br>        §<br>BOBBY LUMPKIN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>        §<br>    *Respondent.* § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Maria De Los Santos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 10). In her § 2254 petition, Petitioner challenges the constitutionality of her 2005 state court murder conviction, arguing: (1) she received ineffective assistance of counsel, (2) her conviction was based on a coerced confession, (3) the evidence was insufficient to support a murder conviction, and (4) her sentence constitutes cruel and unusual punishment. In his motion to dismiss, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

1

## I. Background

In April 2005, Petitioner was convicted of murder in Bexar County, Texas, and sentenced to seventy-five years of imprisonment. *State v. De Los Santos*, No. 2003CR8810 (379th Dist. Ct., Bexar Cnty., Tex. Apr. 19, 2005); (ECF No. 11-6 at 170-71). The Texas Fourth Court of Appeals affirmed her conviction on direct appeal. *De Los Santos v. State*, No. 04-05-00459-CR, 2006 WL 2352545 (Tex. App.—San Antonio, Aug. 16, 2006, no. pet.); (ECF No. 11-2). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 1 at 3).[1]

Instead, Petitioner waited until June 24, 2020, to file a state habeas corpus application challenging her conviction and sentence. *Ex parte De Los Santos*, No. 92,141-01 (Tex. Crim. App.); (ECF No. 11-22 at 17). The Texas Court of Criminal Appeals ultimately denied the application without written order on February 24, 2021. (ECF No. 11-19). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on April 21, 2021. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1] *See also* http://www.search.txcourts.gov, search for "De Los Santos, Maria" last visited November 4, 2021.

In this case, Petitioner's conviction became final on September 15, 2006, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* TEX. R. APP. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30-day period in which he could have filed the petition) (citation omitted).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging her underlying conviction and sentence expired a year later on Monday, September 17, 2007.[2]  Because Petitioner did not file her § 2254 petition until April 21, 2021—over thirteen and a half years after the limitations period expired—her petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.      Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[2] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief in June 2020, Petitioner's limitations period for filing a federal petition had already expired in September 2007. Because it was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, the state habeas application does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed April 21, 2021, is still over thirteen and a half years late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights[,]" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's motion to dismiss, and her § 2254 petition provided no argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530

F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that she has been pursuing her rights diligently. Petitioner's direct appeal of her conviction was denied by the intermediate court of appeals in August 2006, yet Petitioner did not execute her state habeas corpus application until June 2020, almost fourteen years later. Petitioner fails to establish that her claims could not have been discovered and presented earlier. Consequently, because Petitioner fails to assert any specific facts showing that she was prevented, despite the exercise of due diligence on her part, from timely filing her federal habeas corpus petition in this Court, her petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). A COA should issue if the petitioner not only shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by more than thirteen years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss, filed September 1, 2021 (ECF No. 10), is **GRANTED**;

2.  Federal habeas corpus relief is **DENIED** and Petitioner Maria De Los Santos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3.  No Certificate of Appealability shall issue in this case; and

4.  All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this November 4, 2021.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE